[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12858
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00147-AT


W. A. GRIFFIN, MD,

                                                        Plaintiff - Appellant,


versus


SUNTRUST BANK, INC.,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2016)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Dr. W.A. Griffin appeals the district court's grant of judgment on the pleadings under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).  After careful consideration, we affirm.[1]

I.

Dr. Griffin, who operates a dermatology practice in Atlanta, Georgia, treated a patient insured under a SunTrust Bank, Inc. ("SunTrust") sponsored group health benefit plan (the "Plan").[2]  Dr. Griffin is an out-of-network provider under the Plan.  She requires her patients to assign their insurance benefits to her.

The Plan is an employee welfare benefit plan under ERISA that provides participants with medical-related benefits.  SunTrust is the plan sponsor, and Blue

---

[1] Dr. Griffin's motion for expedited consideration, a three-judge panel, and a published opinion is also pending before us.  We deny her motion.  Her request for a three-judge panel is moot because our rules provide that she is entitled to a three-judge panel.  *See* 11th Cir. R. 34-2, 34-3(e).  As regards her request for a published opinion, our rules provide that "[a]n opinion shall be unpublished unless a majority of the panel decides to publish it."  11th Cir. R. 36-2.  In this case, the panel decided not to publish.  While our rules permit a party to file a motion requesting that a previously unpublished order be published, they provide that the motion shall be granted only if the panel unanimously agrees to publish.  11th Cir. R. 36-3.  Construing Dr. Griffin's motion as requesting publication under Rule 36-3, the request is premature, and we deny it.  Further, we deny her request for expedited consideration as moot.

[2] On a review of a motion for judgment on the pleadings, we accept the well-pled allegations in the complaint as true and view them in the light most favorable to Dr. Griffin.  *See Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  We may consider the Employee Benefit Plan and Administrative Services Agreement, which SunTrust attached to its answer, in reviewing the motion for judgment on the pleadings because the documents are central to Dr. Griffin's complaint and their authenticity is undisputed.  *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

Cross Blue Shield of Georgia ("BCBSGA") is the claims administrator. The Employee Benefit Plan document sets forth the terms and conditions of the agreement between SunTrust and its employee participants. The Employee Benefit Plan contains an anti-alienation clause that generally prohibits a plan participant or beneficiary from assigning "all or any portion of any benefit, payment or distribution under this Plan except to the extent expressly provided in this Plan or a Benefit Option." Employee Benefit Plan § 14.1 (Doc. 5-1).[3] But there is an important limitation: a participant or beneficiary may assign benefits to a healthcare provider.

Dr. Griffin's patient was insured under the Plan. Pursuant to the patient's assignment, Dr. Griffin submitted a claim to BCBSGA, which was denied. Dr. Griffin then filed with BCBSGA a level-one administrative appeal of the claim. With her appeal, she requested at least six broad categories of documents connected to the Plan. Dr. Griffin later filed a level-two administrative appeal and requested a copy of the summary plan description. BCBSGA never responded to her appeals or sent the requested plan documents. Instead, BCBSGA determined that it had incorrectly denied the original claim and paid Dr. Griffin $909.37 on the claim. Dr. Griffin contends that BCBSGA still underpaid the claim by approximately $1,000. Dr. Griffin then demanded BCBSGA submit the claim to

---

[3] Citations to "Doc." refer to docket entries in the district court record in this case.

an independent review organization for external review.  BCBSGA never responded to this request.

Dr. Griffin sued SunTrust in federal court, bringing causes of action under ERISA for (1) unpaid benefits, (2) breach of fiduciary duty, (3) failure to provide plan documents, and (4) breach of contract based on SunTrust's breach of its fiduciary duty.  She demanded $999.29 in unpaid benefits, $65,560 in penalties, and declaratory relief.  SunTrust filed an answer and then a motion for judgment on the pleadings.  While the motion for judgment on the pleadings was pending, Dr. Griffin sought leave to amend her complaint to add a cause of action based upon co-fiduciary liability under ERISA.  The district court granted the motion for judgment on the pleadings and denied the motion to amend, concluding that (1) Dr. Griffin failed to state a claim against SunTrust for unpaid benefits under the Plan because Dr. Griffin made no allegation that SunTrust actually exercised any discretionary authority with respect to the claim and (2) Dr. Griffin lacked statutory standing to pursue the other causes of action because the assignment from her patient transferred only the right to bring a cause of action for unpaid benefits.  The district court then entered a judgment dismissing the case.  This appeal followed.

II.

We review *de novo* an order granting judgment on the pleadings. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2011). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* In reviewing an order granting judgment on the pleadings, "we accept as true all material facts alleged in the non-moving party's pleadings, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In addition, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted).

### III.

We begin by considering the district court's determination that Dr. Griffin failed to state a claim against SunTrust for unpaid benefits. ERISA permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Dr. Griffin "acquire[d] derivative standing to sue under ERISA by obtaining a written assignment" from her patient of the right to payment of medical benefits. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1347 (11th Cir. 2009). The Plan permits assignment of benefits to healthcare providers.

5

Although § 1132(a)(1)(B) specifies that only plan participants and beneficiaries may bring a cause of action for unpaid benefits, the statute does not address who is a proper defendant to this cause of action.  *See* 29 U.S.C. § 1132(a)(1)(B); *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 246 (2000) (explaining that similar provision in § 1132(a)(3) "makes no mention at all of which parties may be proper defendants").  When considering this question, we must keep in mind that "ERISA's 'comprehensive and reticulated' scheme warrants a cautious approach to inferring remedies not expressly authorized by the text."  *Harris*, 530 U.S. at 247 (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)).

We have previously recognized that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan."  *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).  We reached this conclusion because a court order requiring the payment of benefits under ERISA "must issue against a party capable of providing the relief requested."  *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 908 (11th Cir. 1997).  We explained that proof that an entity controls the administration of the plan "may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual

6

circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001).

The plan documents show that SunTrust retained authority to direct BCBSGA to pay any claim, even after BCBSGA denied the claim. Under the Employee Benefit Plan document, SunTrust was generally "responsible for the control, management and administration of [the] Plan," although it was permitted to delegate its responsibilities. Employee Benefit Plan at § 10.1 (Doc. 5-1). The Administrative Services Agreement defined the extent to which SunTrust delegated to BCBSGA its authority to determine claims. SunTrust transferred to BCBSGA the responsibility to "[p]rocess claims," including determining the amount owed, and to decide "appeals of any adverse benefit determinations under the Plan." Administrative Services Agreement § 2(b), (c) (Doc. 5-2). SunTrust permitted BCBSGA to use its own policies and procedures in making these determinations. SunTrust gave BCBSGA "full discretion to determine eligibility for benefits under the Plan and to interpret the terms of the Plan." *Id.* § 2(c). Despite this broad delegation of authority, however, SunTrust explicitly reserved the right to demand that BCBSGA pay any claim: "[SunTrust] may request

[BCBSGA], on exception basis, to process and pay Claims that were denied by [BCBSGA]." *Id.* § 3(j).[4]

Although SunTrust retained authority to direct BCBSGA to pay claims on an exception basis, we hold that SunTrust may not be held liable for unpaid benefits under ERISA on the facts of this case.  Dr. Griffin has not alleged that she appealed BCBSGA's denial of her claim to SunTrust or that SunTrust *sua sponte* reviewed her claim.  Indeed, she has not alleged that SunTrust took any action whatsoever with respect to her claim.  We have previously described a cause of action under § 1132(a)(1)(B) for unpaid benefits as "akin to [a] common law breach of contract cause[] of action." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004).  Because Dr. Griffin failed to allege that SunTrust took any action with respect to her claim that would be analogous to a breach, SunTrust cannot be held liable for unpaid benefits.

This conclusion is consistent with the plain language of ERISA, which specifies that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is

---

[4] SunTrust argues that it lacked control over claims determinations under § 3(j) because it could only request, not dictate, that BCBSGA pay a previously denied claim.  We respectfully disagree.  Subsection 3(j) makes clear that when SunTrust requests BCBSGA pay a claim, BCBSGA's subsequent actions are taken "at direction of, [and] in accordance with, instructions" from SunTrust.  Administrative Services Agreement §3(j) (Doc. 5-2).  Given the characterization of SunTrust's actions as "directions" and "instructions," we disagree with SunTrust's assertion that it lacked authority to determine claims under the Plan.

established in his individual capacity under this subchapter." 29 U.S.C. § 1132(d)(2). We read the "unless" cause in § 1132(d)(2) to indicate that SunTrust, an entity distinct from the Plan, can be liable for money damages on a cause of action for unpaid benefits only when its individual liability is established. Because we cannot say that Dr. Griffin's allegations are sufficient to establish SunTrust's individual liability, we conclude that the district court correctly dismissed this cause of action.

## B.

We now turn to whether the district court properly dismissed Dr. Griffin's remaining causes of action for lack of standing. In Count 2, Dr. Griffin sued for breach of fiduciary duty, but ERISA limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor. *See* 29 U.S.C. § 1132(a)(2). In Count 3, Dr. Griffin sued seeking statutory penalties for failure to comply with a request for information under ERISA, but ERISA permits only a participant or beneficiary to sue for statutory penalties. *See id.* § 1132(a)(1)(A), (c). In Count 4, Dr. Griffin sued for breach of contract and sought equitable relief, but under ERISA only plan participants, plan beneficiaries, and plan fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan. *See id.* § 1132(a)(3). Dr.

Griffin asserts that she acquired derivative standing to bring these causes of action through her patient's assignment. We disagree.

An assignee may obtain derivative standing through a written assignment from a plan participant or plan beneficiary. *See Gables Ins. Recovery v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1339 (11th Cir. 2015). Dr. Griffin alleges only that her patient agreed to a "legal assignment of benefits." Compl. at ¶ 22 (Doc. 1). Nothing in an assignment of benefits transfers the patient's right to bring a cause of action for breach of fiduciary duty, to seek statutory penalties for failure to provide plan documents, or to seek equitable relief to redress a practice that violates ERISA or the terms of the Plan. Because the patient never transferred these rights to Dr. Griffin, the district court correctly determined that Dr. Griffin lacked standing to assert the causes of action set forth in Counts 2, 3, and 4.

IV.

We conclude that the district court properly granted SunTrust's motion for judgment on the pleadings. Accordingly, we affirm.[5]

**AFFIRMED.**

---

[5] Dr. Griffin also argues that the district court erred in denying her motion to amend her complaint to add an additional cause of action under ERISA. We review the district court's denial of a motion to amend a complaint for abuse of discretion, but we review *de novo* whether the proposed amendment to the complaint would be futile. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802-03 (11th Cir. 1999). Because Dr. Griffin lacked derivative standing to bring a co-fiduciary liability cause of action under the assignment, the proposed amendment would be futile. Thus, the district court properly denied the motion to amend.