[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13562
_____

D.C. Docket No. 4:13-cv-10011-JLK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellant,

versus

BARRY J. GRAHAM,
FRED DAVIS CLARK, JR.,
a.k.a. Dave Clark,
CRISTAL R. COLEMAN,
a.k.a. Cristal Clark,
DAVID W. SCHWARZ,
RICKY LYNN STOKES,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 26, 2016)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

JILL PRYOR, Circuit Judge:

With few exceptions, 28 U.S.C. § 2462 bars the government from bringing suit to enforce "any civil fine, penalty, or forfeiture" after five years from when the claim first accrued. The Securities and Exchange Commission (the "SEC" or "Commission") waited more than five years to commence an action for declaratory relief, injunctive relief, and disgorgement against the defendants, who allegedly violated federal securities law by selling unregistered securities. The defendants raised the five-year statute of limitations as an affirmative defense in their motions for summary judgment. The district court dismissed the case, ruling that the statute of limitations set out in § 2462 is jurisdictional and that every remedy the SEC requested was outside the court's jurisdiction. The SEC appealed, arguing that § 2462 is nonjurisdictional and that the injunctive and declaratory relief and disgorgement it sought were not subject to § 2462's time bar. After careful consideration of the briefs, and with the benefit of oral argument, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On January 30, 2013, the SEC filed a civil enforcement action against Barry J. Graham, Fred Davis Clark, Jr., Cristal R. Coleman, David W. Schwarz, and Ricky Lynn Stokes (collectively, the "defendants"). The Second Amended

2

Complaint (the "complaint") alleged that, from at least November 2004 to July 2008, the defendants violated federal securities law by selling condominiums that were functioning, in reality, as unregistered securities. According to the complaint, the defendants raised more than $300 million from approximately 1,400 investors around the country but failed to pay out the returns they had guaranteed. The Commission requested that the district court (1) declare that the defendants had violated federal securities laws; (2) permanently enjoin the defendants from violating federal securities laws in the future; (3) direct the defendants to disgorge all profits from their illegal ventures, with prejudgment interest; (4) order the defendants to repatriate any funds held outside the district court's jurisdiction; and (5) require three defendants, Coleman, Clark, and Stokes, to pay civil money penalties.

Coleman, Clark, Stokes, and defendant Schwarz filed motions for summary judgment on two main grounds: (1) the sale of their condominiums were not investment contracts, and thus were not governed by securities laws; and (2) the statute of limitations under 28 U.S.C. § 2462 barred all of the SEC's requested forms of relief. The SEC filed a competing motion for summary judgment. The district court held a hearing on the defendants' statute of limitations defense.

Without reaching the merits of the cross-motions for summary judgment, the district court dismissed the SEC's complaint as time-barred. The court held that

§ 2462—which bars any action "for the enforcement of any civil fine, penalty, or forfeiture" if brought more than five years from the date the claim first accrued—is a "jurisdictional" statute of limitations; thus, if it applied, the court lacked subject matter jurisdiction.  The court found that the defendants' alleged securities violations took place more than five years before the SEC filed suit.  It further determined that § 2462 applied to all of the remedies the SEC sought, not just the civil money penalty.  Specifically, the district court concluded that the injunctive and declaratory relief the SEC sought were penalties and that the disgorgement the SEC requested constituted forfeiture, all within the meaning of § 2462. Accordingly, the court dismissed the action with prejudice.

## II. DISCUSSION

Although it accepts that § 2462 expressly bars its claim for civil money penalties, the SEC appeals the district court's ruling that § 2462 applies to the remaining remedies it sought: injunctive relief, declaratory relief, and disgorgement.[1]  We review *de novo* issues of law, including questions of statutory

---

[1] The SEC also challenges on appeal the district court's conclusion that § 2462 is jurisdictional in nature.  We need not decide for purposes of this appeal whether § 2462's time bar is jurisdictional such that a time-barred § 2462 claim should be dismissed for lack of subject matter jurisdiction.  There is no question that we and the district court have jurisdiction to consider and apply § 2462's statute of limitations in this case.  Whether § 2462's time bar is a jurisdictional requirement or only an affirmative defense does not impact our analysis here because the parties raise no issue on appeal about whether the defendants waived the statute of limitations, whether the SEC is entitled to equitable tolling, or who bears the burden of proof. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008) (discussing whether time bars are jurisdictional or constitute an affirmative defense).  For our purposes and

interpretation. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006). "[A]ny statute of limitations sought to be applied against the United States must receive a strict construction in favor of the Government." *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997) (internal quotation marks omitted). We consider in turn the applicability of § 2462 to the SEC's request for injunctive relief, declaratory relief, and disgorgement.

## A. Injunctive Relief

The district court held that § 2462 applied here because the injunction the SEC requested was "nothing short of a penalty" and therefore covered by § 2462's plain language. *SEC v. Graham*, 21 F. Supp. 3d 1300, 1310 (S.D. Fla. 2014). We cannot agree.

Our precedent forecloses the argument that § 2462 applies to injunctions, which are equitable remedies. *See Nat'l Parks & Conservation Ass'n v. Tenn. Valley Auth.*, 502 F.3d 1316, 1326 (11th Cir. 2007) (noting, where the plaintiffs sought an injunction to enforce EPA standards, "the statute of limitations set forth in 28 U.S.C. § 2462 applies only to claims for legal relief; it does not apply to equitable remedies"); *Banks*, 115 F.3d at 919 ("[S]ection 2462 does not apply to equitable remedies."). In *Banks*, the government obtained an injunction against a

---

the parties', it makes no difference in this case whether we treat § 2462's time bar as a jurisdictional requirement or an affirmative defense. Accordingly, we do not reach this issue.

landowner requiring that he stop discharging materials into the wetlands on his property and take steps to restore the wetlands to their undisturbed condition before he began discharging the materials.  115 F.3d at 918.  Despite Banks's claim that the action was barred by § 2462, we upheld the injunction, observing that it was an equitable remedy and thus beyond the reach of that statute.  *Id.* at 919.  An injunction requiring (or forbidding) future conduct is not subject to § 2462's statute of limitations.

Even if we were not bound by *Banks*, still we would conclude that § 2462 does not apply to injunctions like the one in this case.  Section 2462 does not define the term "penalty"; we therefore look to the term's ordinary meaning.  *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012) ("When a term goes undefined in a statute, we give the term its ordinary meaning."); *Consol. Bank, N.A. v. U.S. Dep't of Treasury*, 118 F.3d 1461, 1463-66 (11th Cir. 1997).  Definitions of the term "penalty" abound.  The Supreme Court has defined a penalty as "something imposed in a punitive way for an infraction of a public law." *Meeker v. Lehigh Valley R.R. Co.*, 236 U.S. 412, 423 (1915).  Similarly, the Oxford English Dictionary says a penalty is "[a] punishment imposed for breach of law, rule, or contract."  *Penalty*, Oxford English Dictionary (2d ed. 1989).  Black's Law Dictionary defines the term as "[p]unishment imposed on a wrongdoer, [usually] in the form of imprisonment or fine; [especially,] a sum of money

exacted as punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)." *Penalty*, Black's Law Dictionary (10th ed. 2014).

Each of these definitions has the common element of looking backward in time. That is, a penalty addresses a wrong done in the past. *See, e.g.*, *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1202 (11th Cir. 1997) (noting that "[u]nlike injunctive relief which addresses only ongoing or future violations, civil penalties address past violations").

Injunctions, by contrast, typically look forward in time. *See United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations . . . ."); *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("[I]njunctions regulate future conduct only; they do not provide relief for past injuries already incurred and over with."). An injunction therefore is not a penalty within the meaning of § 2462. *See United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for those past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured."). If imposed, the injunction in this case would only prevent the defendants from violating securities laws in the future.

Giving the term "penalty" its ordinary meaning, as we must, the purpose and effect of the SEC's claim for injunctive relief are nonpunitive, and § 2462's time bar is inapplicable. Because the ordinary meaning of "penalty" is unambiguous, our analysis ends here. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." (internal quotation marks omitted)).

Contrary to the defendants' argument, *Gabelli v. SEC* does not compel a different conclusion. 133 S. Ct. 1216 (2013). Although *Gabelli* cautioned against "leav[ing] defendants exposed to Government enforcement action . . . for an additional uncertain period into the future," in that case the Supreme Court held that for purposes of § 2462 a fraud claim brought by the SEC accrues when the defendant's allegedly fraudulent conduct occurred. 133 S. Ct. at 1221-24. In declining to adopt the discovery rule, which would delay accrual "until the plaintiff has 'discovered' his cause of action," the Court distinguished between a private action brought by "a defrauded victim seeking recompense" and "the Government bringing an enforcement action for civil penalties." *Id.* at 1221 (internal quotation marks omitted). The Court emphasized that, unlike a private action seeking compensatory damages, the SEC enforcement action "involve[d] penalties, which go beyond compensation, are intended to punish, and label defendants

wrongdoers." *Id.* at 1223.  But the Court did not hold that all remedies the SEC

may seek in an enforcement action are penalties and, in particular, did not address

whether an SEC action seeking injunctive relief or disgorgement falls within

§ 2462's ambit.  *Id.* at 1220 n.1.  Thus, *Gabelli* does not inform our inquiry as to

whether § 2462 governs claims for injunctive relief.

Because injunctions are equitable, forward-looking remedies and not

penalties within the meaning of § 2462, we conclude that the five-year statute of

limitations is inapplicable to injunctions such as the one the SEC sought in this

case.[2]

## B. Declaratory Relief

We agree with the district court, however, that the declaratory relief the SEC

sought is backward-looking and thus would operate as a penalty under § 2462.  On

---

[2] We note that the injunction the SEC requested in the operative complaint sought to prevent the defendants from violating federal securities laws, otherwise known as an "obey-the-law" injunction.  Repeatedly we have said that, in the context of SEC enforcement actions and otherwise, "obey-the-law" injunctions are unenforceable.  *See SEC v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005); *Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222-23 (11th Cir. 2000) (citing cases holding that obey-the-law injunctions are unenforceable).  In particular, "an injunction which merely tracks the language of the securities statutes and regulations," as the injunction in this case presently is described, "will not clearly and specifically describe permissible and impermissible conduct" as required by Federal Rule of Civil Procedure 65(d).  *SEC v. Goble*, 682 F.3d 934, 952 (11th Cir. 2012).  We "condemn these injunctions because they lack specificity and deprive defendants of the procedural protections that would ordinarily accompany a future charge of a violation of the securities laws."  *Id.* at 949.  The SEC argues, however, and we agree, that it is premature to review the precise nature of the injunction because, at this stage, the district court has issued no injunction for us to evaluate.  It is at least possible that the SEC could seek injunctive relief that would be specific and narrow enough that the parties would be afforded sufficient warning to conform their conduct.

this point, *Gabelli* is instructive. There, the Supreme Court recognized that civil penalties "go beyond compensation, are intended to punish, and label defendants wrongdoers." *Id.* at 1223. The declaratory relief at issue here is no different. A declaration of liability goes beyond compensation and is intended to punish because it serves neither a remedial nor a preventative purpose; it is designed to redress previous infractions rather than to stop any ongoing or future harm. *Cf. Green v. Mansour*, 474 U.S. 64, 67 (1985) (characterizing declaratory relief that "related solely to past violations of federal law" as retrospective for purposes of the Eleventh Amendment). A public declaration that the defendants violated the law does little other than label the defendants as wrongdoers.

The SEC urges us to exempt declaratory relief from § 2462 because the SEC may use findings of past violations of securities laws to obtain other remedies. We are unpersuaded. First, some of the remedies the SEC could seek (i.e., civil penalties and, as discussed below, disgorgement) are themselves subject to § 2462 and similarly would be time-barred after five years. Second, declaratory relief that establishes past securities law violations is unnecessary for the SEC to secure an injunction. The SEC need only establish "(1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *SEC v. Calvo,* 378 F.3d 1211, 1216 (11th Cir. 2004). A prima facie case of previous violations may, but need not, come in the form of

10

declaratory relief.  In fact, the SEC may obtain an injunction when it is impossible to use declaratory relief as a predicate, such as with a defendant who has never before violated securities laws.  *See SEC v. Miller*, 744 F. Supp. 2d 1325, 1336 (N.D. Ga. 2010) ("[N]umerous courts have found no requirement that a defendant must have committed violations before the ones at issue.  Indeed, the 'previous' violations relied upon by federal courts as a basis for injunctive relief are frequently the same ones just proven in the liability portion of those cases.").  Third, nothing in this analysis prevents the SEC from obtaining declaratory relief as a predicate for other remedies as long as the SEC does so before the statute of limitations expires.

Because the declaratory relief the SEC sought here fits the definition of a penalty, we hold that such relief is subject to § 2462's five-year statute of limitations.

## C. Disgorgement

The district court concluded that "the disgorgement of all ill-gotten gains realized from the alleged violations of the securities laws—i.e., requiring defendants to relinquish money and property—can truly be regarded as nothing other than a forfeiture (both pecuniary and otherwise), which remedy is expressly covered by § 2462."  *Graham*, 21 F. Supp. 3d at 1310-11.  We agree with the

11

district court that for the purposes of § 2462 forfeiture and disgorgement are effectively synonyms; § 2462's statute of limitations applies to disgorgement.

Following the same principles of statutory interpretation as we did with the term "penalty," we look to the ordinary meaning of "forfeiture." Webster's Dictionary defines forfeiture as "the divesting of the ownership of particular property of a person on account of the breach of a legal duty and without any compensation to him." *Forfeiture*, Webster's Third New Int'l Dictionary (2002). The Oxford English Dictionary likewise defines forfeiture as "[t]he fact of losing or becoming liable to deprivation of (an estate, goods, life, an office, right, etc.) in consequence of a crime, offence, or breach of engagement." *Forfeiture*, Oxford English Dictionary (2d ed. 1989). These definitions illustrate that forfeiture occurs when a person is forced to turn over money or property because of a crime or wrongdoing.

We find no meaningful difference in the definitions of disgorgement and forfeiture. For example, Black's Law Dictionary defines disgorgement as "[t]he act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Disgorgement*, Black's Law Dictionary (10th ed. 2014). Black's Law Dictionary provides a very similar definition for forfeiture: "[t]he loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty." *Forfeiture*, Black's Law Dictionary (10th ed. 2014). The

12

Supreme Court, too, has used the terms interchangeably. *See United States v. Ursery*, 518 U.S. 267, 284 (1996) ("Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct."). We thus conclude that for the purposes of § 2462 the remedy of disgorgement is a "forfeiture," and § 2462's statute of limitations applies.[3]

The SEC argues that disgorgement cannot be forfeiture because the two terms refer to fundamentally different things: disgorgement only includes direct proceeds from wrongdoing, whereas forfeiture can include both ill-gotten gains and any additional profit earned on those ill-gotten gains (i.e., secondary profits). *Compare SEC v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978) (recognizing that "[t]he court's power to order disgorgement extends only to the amount with interest by which the defendant profited from his wrongdoing"),[4] *with United States v. Reed*, 924 F.2d 1014, 1017 (11th Cir. 1991) (requiring defendants to forfeit a building and its subsequent increase in property value between the time the crime began and when the building was sold). But even under the definitions the SEC puts forth, disgorgement is imposed as redress for wrongdoing and can be

---

[3] Because we hold that disgorgement is a "forfeiture," 28 U.S.C. § 2462, we need not reach the defendants' alternative argument that disgorgement is a "penalty." *Id.*

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before the close of business on September 30, 1981.

13

considered a subset of forfeiture.  Because forfeiture includes disgorgement, § 2462 applies to disgorgement.

Furthermore, to read the two terms according to the SEC's interpretation would violate the long-settled principle "that words in statutes should be given their ordinary, popular meaning unless Congress clearly meant the words in some more technical sense."  *United States v. Nat'l Broiler Mktg. Ass'n*, 550 F.2d 1380, 1386 (5th Cir. 1977), *aff'd*, 436 U.S. 816 (1978).  We find no indication that in enacting § 2462's widely applicable statute of limitations, Congress meant to adopt the technical definitions of forfeiture and disgorgement the SEC urges over the words' ordinary meanings.  "Had Congress wished unique or specialized meanings to attach to any of these terms, it readily could have taken the obvious and usual step either of including a specialized meaning in the definitions section of the statute or by using clear modifying language in the text of the statute."  *Consol. Bank*, 118 F.3d at 1464.  Particularly because § 2462 applies to a wide variety of agency actions and contexts, we are loath to adopt the technical definition that the SEC promotes.  In sum, § 2462 applies to the declaratory relief and disgorgement the SEC sought, but not to the injunctive relief.

### III. CONCLUSION

We conclude that the SEC is time-barred from proceeding with its claims for declaratory relief and disgorgement because, under the plain meaning of 28 U.S.C.

14

§ 2462, these remedies are a penalty and a forfeiture, respectively.  But, because an injunction is not a penalty under § 2462, we remand for further proceedings on that remedy in accordance with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**