[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14187

Non-Argument Calendar

_____

W. A. GRIFFIN, MD,

Plaintiff-Appellant,

*versus*

BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.,
TRUIST FINANCIAL CORPORATION,
CRESTLINE HOTELS & RESORTS, LLC,
THE WILLIAM CARTER COMPANY,
LABORATORY CORP. OF AMERICA HOLDINGS, et. al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00085-SEG

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

W. A. Griffin, M.D., proceeding *pro se*, appeals an order of the district court dismissing her claims, and granting summary judgment against her, on her claims of breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA) against various health care providers. The district court concluded that, under this Court's precedent: (1) all of the patient plans at issue contained valid anti-assignment provisions; (2) ERISA permits, as a matter of federal common law, such provisions regardless of any state laws to the contrary; and (3) Griffin lacked statutory standing to bring her suit because she was not a beneficiary under her patients' plans.[1] Griffin asserts the district court improperly relied on our precedents to reject her suit as a matter of law, because they are at odds with two Supreme Court cases—*Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724 (1985), and *Kentucky*

---

[1] "[T]he 'standing' at issue here is not the standing label given to the subject-matter-jurisdictional doctrine," but rather the statutory right to sue under ERISA. *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1293 (11th Cir. 2004).

*Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003).[2]  After review,[3] we affirm the district court.

ERISA "sets the minimum standards for employee benefits plans."  *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 931 (11th Cir. 2021) (*Griffin I*) (citing 29 U.S.C. §§ 1001, 1002).  ERISA creates a federal cause of action for recovery of benefits under ERISA-governed plans.  *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]").  ERISA also allows participants to bring actions against plan fiduciaries for breaches of fiduciary duty.  29 U.S.C. §§ 1104, 1132(a).

---

[2] To the extent Griffin raised an issue relating to *Rutledge v. Pharmaceutical Care Management Association*, 141 S. Ct. 474 (2020), in the district court, she has waived that issue or argument on appeal by affirmatively disclaiming it in her initial brief.  *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) *(en banc)* (stating "waiver is the intentional relinquishment or abandonment of a known right," and "if a party affirmatively and intentionally relinquishes an issue, then courts must respect that decision").

[3] We review *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  We also review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party."  *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005).  "We review *de novo* questions of law, including questions of statutory interpretation."  *SEC v. Graham*, 823 F.3d 1357, 1360 (11th Cir. 2016).

To maintain an action under ERISA, however, a plaintiff must have a cause of action to sue under the statute. *Griffin I*, 989 F.3d at 931. "ERISA limits the right to sue for plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor." *Id.* at 932 (citing 28 U.S.C. § 1132(a)). "Healthcare providers . . . are generally not participants or beneficiaries under ERISA," but "an assignee may obtain derivative standing for payment of medical benefits through a written assignment from a plan participant or beneficiary." *Id.* (internal quotation marks and citations omitted). However, "[w]e have held that 'an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable' against healthcare providers." *Id.* (quoting *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004)). Thus, where anti-assignment language in a plan is unambiguous, the anti-assignment language is enforceable. *Id.* We have rejected arguments that state laws limiting anti-assignment provisions alter the preceding, since ERISA "broadly preempt[s] state law relating to employee benefit plans." *Id.* at 931.

The district court did not err in dismissing Griffin's claims and granting summary judgment against her. We have repeatedly rejected identical or nearly identical arguments by Griffin in published and unpublished opinions.[4] Healthcare providers generally

---

[4] As the district court noted, this is consistent with this Court's handling of Griffin's claims in unpublished cases as well. *See, e.g., Griffin v. Gen. Mills, Inc.*, 634 F. App'x 281 (holding Griffin lacked statutory standing to sue); *Griffin v. FOCUS Brands, Inc.*, 635 F. App'x 796 (11th Cir. 2015) (same); *Griffin v. S. Co.*

22-14187                 Opinion of the Court                 5

may not sue under ERISA, but an assignee may obtain a derivative cause of action.  *Griffin I*, 989 F.3d at 932; 28 U.S.C. § 1132(a).  However, we enforce as valid "unambiguous anti-assignment provision[s] in an ERISA-governed welfare benefit plan."  *Physicians Multispecialty*, 371 F.3d at 1296; *Griffin I*, 989 F.3d at 932.  And here there are valid unambiguous anti-assignment provisions in each plan document, so the district court did not err in finding those provisions barred Griffin's patients from assigning their entitlement to plan benefits to her.  *Physicians Multispecialty*, 371 F.3d at 1296; *Griffin I*, 989 F.3d at 934.

Griffin's arguments—which are premised on her contention that ERISA does not preempt state laws that prohibit anti-assignment clauses—are directly contrary to our holdings in *Physicians Multispecialty* and *Griffin I,* where we held that ERISA permits, as a matter of federal common law, anti-assignment provisions.  *Physicians Multispecialty*, 371 F.3d at 1295-96; *Griffin I*, 989 F.3d at 933.  Further, the relevant questions that were answered in *Physicians Multispecialty* and *Griffin I—i.e.,* whether unambiguous anti-assignment provisions in ERISA-governed welfare benefit plans are valid and enforceable against healthcare providers and whether ERISA preempts state laws that purport to limit anti-assignment provisions in this respect—were not mere "assumptions," *see United*

---

*Servs.*, 635 F. App'x 789 (11th Cir. 2015) (same); *Griffin v. Habitat for Humanity Int'l, Inc.*, 641 F. App'x 927 (11th Cir. 2016) (same); *Griffin v. SunTrust Bank, Inc.*, 648 F. App'x 962 (11th Cir. 2016) (same); *Griffin v. Health Sys. Mgmt.*, 635 F. App'x 768 (holding Griffin failed to state a claim); *Griffin v. Verizon Commc'n*, 641 F. App'x 869 (same).

*States v. Penn*, 63 F.4th 1305, 1310 (11th Cir.) (citations omitted), *cert. denied*, 144 S. Ct. 398 (2023) (stating "assumptions are not holdings . . . [a]nd any 'answers' to questions neither presented nor decided are not precedent"), they were holdings, answering the same questions as presented here, *see Physicians Multispecialty*, 371 F.3d at 1295-96; *Griffin I*, 989 F.3d at 933.

Thus, Griffin's arguments are foreclosed by the prior panel precedent rule. *Griffin I*, 989 F.3d at 934 (stating under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Court sitting *en banc*); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (explaining there is no exception to the prior panel precedent rule based upon an "overlooked reason" or "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time"). This is true here, where the Supreme Court's 1985 decision in *Metropolitan Life* and its 2003 decision in *Miller*—the cases that Griffin argues overruled *Physicians Multispecialty* and *Griffin I*—predate the latter cases, which were decided in 2004 and 2021, respectively. *Smith*, 236 F.3d at 1303.

In any event, neither *Metropolitan Life* nor *Miller* support Griffin's position. Specifically, *Metropolitan Life* "set forth the analysis for determining whether a state law is an insurance regulation" that might be excepted from ERISA preemption under ERISA's "saving clause." *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 569 (11th Cir. 1994) (citing *Metropolitan Life*, 471 U.S. at 743). *Miller* addresses the same question. *See Alexandra H. v. Oxford Health Ins.*

22-14187              Opinion of the Court                7

*Co.*, 833 F.3d 1299, 1316-17 (11th Cir. 2016) (citing *Miller*, 538 U.S. at 342).  Neither case addresses the specific issues presented here, and, as discussed above, we have already concluded that unambiguous anti-assignment provisions in ERISA-governed welfare benefit plans are valid and enforceable against healthcare providers and ERISA preempts state laws that purport to limit anti-assignment provisions in this respect.  *Physicians Multispecialty*, 371 F.3d at 1295-96; *Griffin I*, 989 F.3d at 933.

For these reasons, the district court did not err in rejecting Griffin's claims.  We affirm.

**AFFIRMED.**