[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13525
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00569-AT

W. A. GRIFFIN,

Plaintiff-Appellant,

versus

VERIZON COMMUNICATIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Dr. W.A. Griffin appeals the dismissal of her complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).  After careful consideration, we affirm.

I.

Dr. Griffin, who operates a dermatology practice in Atlanta, Georgia, treated two patients insured under a Verizon Communications Inc. ("Verizon") health plan (the "Plan").[1]  Dr. Griffin is an out-of-network provider for the Plan.  The patients executed assignments that "assign[ed] and convey[ed]" to Dr. Griffin "all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from [Dr. Griffin] . . . , regardless of [Dr. Griffin's] managed care network participation status."  Legal Assignment of Benefits (Doc. 1-1).[2]  The assignments further stated that they were "valid for all administrative and judicial review under . . . ERISA."  *Id.*

Verizon sponsors the Plan, which is a group health benefit plan governed by ERISA, and serves as the plan administrator.  The Plan includes two options for coverage, one of which offers coverage for out-of-network providers and one that

---

[1] At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to Dr. Griffin. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  We also consider the Plan and Summaries of Coverage, which Verizon submitted to the district court with its motion to dismiss.  Although Dr. Griffin did not attach these documents to her complaint, we may consider them because the documents are central to the complaint and their contents are not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

[2] Citations to "Doc." refer to docket entries in the district court record in this case.

does not.  Blue Cross Blue Shield of Georgia ("BCBSGA") serves as the Plan's claims administrator to review and decide claims and appeals under the Plan.  Plan documents generally prohibit the assignment of benefits without written consent:

> You cannot assign your right to receive payment to anyone else, except as required by a 'Qualified Medical Child Support Order' as defined by ERISA or any applicable state or federal law. . . .  The coverage and any benefits under the plan are not assignable by any covered member without the written consent of the plan, except as provided above.

Summary of Coverage for Exclusive Provider Network Option at 41 (Doc. 8-5); Summary of Coverage for PPO Plus at 49 (Doc. 8-6).  Even though Plan documents generally bar assignments, BCBSGA is authorized to make payments directly to healthcare providers for covered services.

Dr. Griffin provided emergency services to an insured who had no out-of-network coverage.  When she submitted the claim to BCBSGA, it denied coverage.  She asserts that the denial was erroneous because the Affordable Care Act requires BCBSGA to provide coverage for emergency services without regard to whether the healthcare provider was an in-network provider.  Dr. Griffin filed with BCBSGA a level one administrative appeal, which was denied.  She then filed a level two administrative appeal.  With the level two appeal, she requested at least ten categories of documents from BCBSGA and demanded that BCBSGA notify her whether the Plan contained an anti-assignment clause, warning that if it failed

to do so, she would argue in litigation that the anti-assignment clause was unenforceable. It appears BCBSGA never responded to the level two appeal.

Dr. Griffin also provided medical services to a second insured under the Plan who elected out-of-network coverage. Dr. Griffin submitted a claim to BCBSGA for her services, which she alleges that BCBSGA underpaid. She filed with BCBSGA a level one administrative appeal, which was denied. She then filed a level two administrative appeal. Just as she did for the services provided to the first insured, with her appeal, she requested documents from BCBSGA and demanded that it notify her whether the Plan contained an anti-assignment clause, threatening to argue in litigation that the anti-assignment clause was unenforceable. In response, BCBSGA sent her the relevant summary of coverage and a plan design document.[3]

Dr. Griffin sued Verizon in federal court, bringing ERISA claims for unpaid benefits, breach of fiduciary duty, and failure to provide Plan documents. She sought $8,158.06 in unpaid benefits, more than $119,000 in penalties, and declaratory relief. Verizon moved to dismiss the complaint. While the motion to dismiss was pending, Dr. Griffin sought leave to amend her complaint to add an additional claim based upon co-fiduciary liability under ERISA. The district court

---

[3] Dr. Griffin did not provide the district court with a copy of the Plan documents that BCBSGA sent her and said nothing in her complaint about whether the documents disclosed the anti-assignment provision. The Summaries of Coverage that Verizon filed with the district court included the anti-assignment provision.

4

granted the motion to dismiss and denied the motion to amend, concluding that Dr. Griffin lacked statutory standing under ERISA based on the Plan's anti-assignment provision. Accordingly, the district court dismissed the case without prejudice. This appeal followed.

## II.

Although courts have long applied the label of "statutory standing" to the basis for decisions such as the district court's here, that Dr. Griffin lacked standing under ERISA, the Supreme Court has cautioned that this label is "misleading" because the court is not deciding whether there is subject matter jurisdiction but rather whether the plaintiff "has a cause of action under the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387-88 & n.4 (2014) (internal quotation marks omitted). Put differently, we understand the district court's decision that Dr. Griffin lacked statutory standing to be a determination that she failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1273-74 (11th Cir. 2015).

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (internal quotation marks

omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal quotation marks omitted).  Upon review of dismissals for failure to state a claim, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted).

## III.

Section 502(a) of ERISA provides that only plan participants and plan beneficiaries may bring a private civil action to recover benefits due under the terms of a plan, to enforce rights under a plan, or to recover penalties for a plan administrator's failure to provide documents.  29 U.S.C. § 1132(a)(1), (c).  This provision also limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor.  *Id.* § 1132(a)(2).  Additionally, only plan participants, plan beneficiaries, and plan fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan.  *Id.* § 1132(a)(3).  As we have

6

explained, "[h]ealthcare providers . . . are generally not 'participants' or 'beneficiaries' under ERISA and thus lack independent standing to sue under ERISA." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1294 (11th Cir. 2004).

There is, however, an exception to this general rule that healthcare providers have no right of action under section 502(a). We have recognized that "[h]ealthcare providers may acquire derivative standing . . . by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan." *Id*; *see also Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997) (explaining that "neither the text of § 1132(a)(1)(B) nor any other ERISA provision forbids the assignment of health care benefits provided by an ERISA plan"). Although ERISA does not prohibit a plan participant or beneficiary from assigning benefits to her provider, we have held that an anti-assignment provision in a plan, which limits or prohibits a plan participant or beneficiary from assigning her right to payment of benefits, is valid and enforceable. *Physicians Multispecialty Grp.,* 371 F.3d at 1296. Accordingly, an anti-assignment provision can bar a plan participant or beneficiary from assigning benefits to a healthcare provider, meaning the healthcare provider cannot acquire a cause of action under section 502(a). *Id.*

7

A.

In this case, the insureds' assignments purported to transfer to Dr. Griffin their right to payment of benefits. We have recognized that when a patient assigns to a provider the right to payment for medical benefits, he also conveys the right to file an action under section 502(a) of ERISA for unpaid benefits.  *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1352-53 (11th Cir. 2009).  Thus, if enforceable, the assignments transferred to Dr. Griffin the right to bring a cause of action under section 502(a) for unpaid benefits.[4]  Because the anti-assignment provision bars the assignments here, we hold that the insureds' assignments to Dr. Griffin are void.  The anti-assignment provision states:

> You cannot assign your right to receive payment to anyone else, except as required by a 'Qualified Medical Child Support Order' as defined by ERISA or any applicable state or federal law. . . .  The coverage and any benefits under the plan are not assignable by any covered member without the written consent of the plan, except as provided above.

*See, e.g.*, Summary of Coverage for Exclusive Provider Network Option at 41 (Doc. 8-5).  Although the anti-assignment provision permits assignments when the Plan gives written consent, there is no allegation or evidence that such permission was given here.

---

[4] Although the assignments transferred to Dr. Griffin the insured's right to sue under section 502(a) of ERISA for unpaid benefits, the assignments contained no provision transferring the insureds' right to assert claims for breach of fiduciary duty or civil penalties.  Because the insureds never assigned to Dr. Griffin the right to bring such claims, she lacks derivative standing to bring these claims under section 502 of ERISA.

The provision permits assignments "required by a 'Qualified Medical Child Support Order' as defined by ERISA or any applicable state or federal law." *Id.* Construing this provision to mean that the Plan must permit assignments that are required by state or federal law, Dr. Griffin argues that the anti-assignment provision is inapplicable because Georgia law required the insureds to assign their benefits to her.[5] She relies on a Georgia statute stating that "whenever an accident and sickness insurance policy, subscriber contract, or self-insured health benefit plan . . . provides that any of its benefits are payable to a participating or preferred [licensed] provider of health care services," the plan must also "pay such benefits either directly to any similarly licensed nonparticipating or nonpreferred provider who has rendered such services, has a written assignment of benefits, and has caused written notice of such assignment to be given . . . or jointly to such nonparticipating or nonpreferred provider and to the insured." O.C.G.A. § 33-24-54(a). These benefit payments must be sent "directly to the provider who has the written assignment." *Id.* The statute guarantees that if benefits are payable to preferred or participating providers under a plan, the plan must also pay benefits to

---

[5] The anti-assignment provision could be interpreted in two ways. As Dr. Griffin asserts, the provision may be read as allowing assignments required by (1) a Qualified Medical Child Support Order, as that term is defined by ERISA, or (2) applicable state or federal law. Alternatively, the provision may be read as allowing assignments only when required by a Qualified Medical Child Support Order, as that term is defined by either (1) ERISA or (2) applicable state or federal law. Under the second interpretation, the insureds' assignments to Dr. Griffin would be void because they were not made pursuant to a Qualified Medical Child Support Order. We assume for purposes of this appeal that the Plan permits assignments when required by state or federal law.

non-participating or non-preferred healthcare providers to whom patients have assigned their rights. But nothing in this statute requires an insured to assign her benefits to a medical provider.[6] Accordingly, we conclude that even though the insureds assigned benefits to Dr. Griffin, the assignments are void.

B.

Dr. Griffin argues that Verizon cannot rely on the anti-assignment provision because BCBSGA failed to notify her of the provision after she asked in her level two administrative appeals whether the Plan contained such a term.[7] Liberally construed, Dr. Griffin's argument is that because BCBSGA failed to disclose the anti-assignment term, Verizon either is equitably estopped from relying on the anti-assignment term or has waived it. We disagree.

Under ERISA equitable estoppel applies only when "the plaintiff can show that (1) the relevant provisions of the plan at issue are ambiguous, and (2) the plan

---

[6] Dr. Griffin makes an alternative argument that even if the Plan prohibits the assignments, the anti-assignment provision is void under section 33-25-54. We reject this argument for a related reason: nothing in this statute explicitly prohibits a health benefits plan from barring assignments. We fail to see how section 33-24-54 renders anti-assignment provisions unenforceable and decline to hold that the statute implicitly bars anti-assignment provisions.

[7] Dr. Griffin conceded in her complaint that BCBSGA sent her at least one Summary of Coverage document after she filed a level two appeal. Her complaint makes no allegation (and her brief does not detail) whether the Summary of Coverage document she received contained an anti-assignment provision, like the one that Verizon filed. Because Dr. Griffin's complaint alleged that BCBSGA failed to provide her all the information she needed, which we liberally construe to mean that she never received a Plan document disclosing the anti-assignment provision, we accept as true for purposes of this appeal that BCBSGA failed to inform her of the Plan's anti-assignment provision.

provider or administrator has made representations to the plaintiff that constitute an informal interpretation of the ambiguity." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004).  Even if the anti-assignment provision is ambiguous, there is no evidence that Verizon or BCBSGA made any representation to Dr. Griffin informally interpreting the provision.  Accordingly, equitable estoppel cannot apply here.*

We have "left open the question of whether waiver principles might apply under the federal common law in the ERISA context." *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014).  But even if we assume that waiver could apply in the ERISA context, Dr. Griffin has failed to plead sufficient facts to show that Verizon waived the anti-assignment provision.  "[W]aiver is the voluntary, intentional relinquishment of a known right." *Id.* (internal quotation marks omitted).  We have explained that waiver may be express or implied, but to find implied waiver, "the acts, conduct, or circumstances relied upon to show waiver must make out a clear case." *Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340, 1347 (11th Cir. 1982).

Dr. Griffin has neither alleged nor explained how Verizon intentionally relinquished its rights under the anti-assignment provision.  In fact, she alleged no interaction or communication with Verizon before she filed this lawsuit.  Although she argues on appeal that BCBSGA failed to inform her of the anti-assignment

11

provision during the administrative appeal process, even liberally construing her pleadings and accepting her allegations as true, we find these allegations insufficient to establish a "clear case" that Verizon intentionally and voluntarily relinquished its rights under the anti-assignment provision. *Id.*[8]

### IV.

We conclude that the Dr. Griffin failed to state a claim because she failed to allege facts sufficient to support a cause of action under § 502(a) of ERISA. Accordingly, the district court committed no error in dismissing her complaint against Verizon.[9]

**AFFIRMED.**

---

[8] We express no opinion about whether Dr. Griffin's allegations would be sufficient to plead that BCBSGA waived the anti-assignment provision, as that question is not before us.

[9] Dr. Griffin also argues that the district court erred in denying her motion to amend her complaint to add an additional claim under ERISA. We review the district court's denial of a motion to amend a complaint for abuse of discretion, but we review *de novo* whether the proposed amendment to the complaint would be futile. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802-03 (11th Cir. 1999). Because of the anti-assignment provision, Dr. Griffin has no right of action under ERISA; thus, the proposed amendment would be futile, and the district court properly denied the motion to amend.