W.A. GRIFFIN, M.D., Pro Se, Plaintiff,

v.

SEVATEC, INC., Defendant.

CIVIL ACTION NO. 1:16-CV-0390-AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed July 1, 2016

W.A. Griffin, MD, Atlanta, GA, pro se.

R. Carl Cannon, Constangy, Brooks, Smith & Prophete, LLP, Atlanta, GA, for Defendant.

## ORDER

Amy Totenberg, United States District Judge

This matter, one of a series of actions brought by Dr. Griffin,[1] is before the Court on Defendant Sevatec, Inc.'s ("Sevatec") Motion for Attorney's Fees [Doc. 21]. On June 28, 2016, the Court held a hearing on this Motion.

## I. ENTITLEMENT TO FEES

Defendant seeks attorney's fees only under ERISA's fee-shifting provision. Pursuant to that provision, a district court, "in its discretion may allow a reasonable attorney's fee and costs of action to either

---

1. Almost all of the cases in this series contain similar ERISA-based allegations against similarly-situated defendants (barring just a couple of the later-filed cases, which also contain claims for discrimination based on race, gender, and age). *See Griffin v. Blue Cross and Blue Shield Healthcare Plan of Ga., Inc., et al.,* No. 1:14–cv–1610–AT (N.D. Ga. filed May 28, 2014); *Griffin v. S. Co. Servs., Inc.,* 157 F.Supp.3d 1277 (N.D.Ga.2015) *aff'd sub nom. Griffin v. S. Co. Servs.,* 635 Fed.Appx. 789 (11th Cir.2015) (per curiam); *Griffin v. Sun-Trust Bank, Inc.,* 157 F.Supp.3d 1294 (N.D.Ga.2015); *Griffin v. Focus Brands, Inc.,* 157 F.Supp.3d 1266 (N.D.Ga.2015) *aff'd,* 635 Fed.Appx. 796 (11th Cir.2015) (per curiam); *Griffin v. Health Sys. Mgmt., Inc.,* 157 F.Supp.3d 1282 (N.D.Ga.2015) *aff'd,* 635 Fed. Appx. 768 (11th Cir.2015) (per curiam); *Griffin v. Lockheed Martin Corp.,* 157 F. Supp. 3d 1271 (N.D.Ga.2015); *Griffin v. Gen. Mills, Inc.,* 1:15–CV–0268–AT (N.D.Ga. filed Jan. 28, 2015), *aff'd,* 634 Fed.Appx. 281 (11th Cir. 2015) (per curiam); *Griffin v. Oldcastle, Inc.,* No 1:15–cv–0269–AT (N.D.Ga. filed Jan 28, 2015); *Griffin v. Habitat for Humanity Int'l, Inc.,* 157 F.Supp.3d 1301 (N.D.Ga.2015) *aff'd sub nom. Griffin v. Habitat for Humanity Int'l,* *Inc.,* 641 Fed.Appx. 927 (11th Cir.2016) (per curiam); *Griffin v. Verizon Commc'ns, Inc.,* 157 F.Supp.3d 1306 (N.D.Ga.2015) *aff'd,* 641 Fed.Appx. 869 (11th Cir.2016) (per curiam); *Griffin v. Humana Employers Health Plan of Ga., Inc.,* No. 1:15–cv–0569–AT (N.D.Ga. filed Feb. 26, 2015); *Griffin v. Aetna Health Inc. et al.,* No. 1:15–cv–3750–AT (N.D.Ga. filed Oct. 26, 2015); *Griffin v. Gen. Electric Co.,* No. 1:15–cv–4439–AT (N.D.Ga. filed Dec. 22, 2015); *Griffin v. Verizon Commc'ns, Inc.,* No. 1:16–CV–0080–AT (N.D.Ga. filed Jan. 11, 2016); *Griffin v. Navistar, Inc.,* No. 1:16–cv–0190–AT (N.D.Ga. filed Jan. 21, 2016); *Griffin v. Humana Emp'rs Health Plan of Ga., Inc.,* No. 1:16–cv–0245–AT (N.D.Ga. filed Jan. 26, 2016); *Griffin v. Coca–Cola Enters., Inc.,* No. 1:16–cv–0389–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Sevatec, Inc.,* No. 1:16–cv–0390–AT (N.D.Ga. filed Feb. 9, 2016); *Griffin v. Cassidy Turley Commercial Real Estate Servs., Inc.,* No. 1:16–cv–0496–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Americold Logistics, Inc.,* No. 1:16–cv–0497–AT (N.D.Ga. filed Feb. 17, 2016); *Griffin v. Applied Indus. Techs., Inc.,* No. 1:16–cv–0552–AT (N.D.Ga. filed Feb. 23, 2016); *Griffin v. Areva, Inc.,* No. 1:16–cv–0553–AT (N.D.Ga. filed Feb. 23, 2016).

party," 29 U.S.C. § 1132(g)(1) (2012), if that party achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). This standard requires more than "trivial success on the merits" or a "purely procedural victory." *Id.*

██ Once it is established that a party had "some degree" of success, the Eleventh Circuit "require[s] district courts to consider five factors when deciding whether to award fees to a prevailing party:

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of attorney's fees;
> (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and]
> (5) the relative merits of the parties' positions."

*AirTran Airways, Inc. v. Elem*, 767 F.3d 1192, 1201 (11th Cir.2014) (quoting *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir.1993)). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 502(g)." *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980).[2]

██ There may be other factors, too, that a Court should consider in a particular case. As explained by the current Fifth Circuit,

> *Bowen* makes clear that ... the list of five factors to be considered in an ERISA § 502(g) attorneys' fees case is a non-exhaustive, *ejusdem generis* list ("[A] court should consider *such factors as* the following [five factors] .... [I]n any individual case, however, *other considerations may be relevant as well.*").

*Riley v. Adm'r of Supersaver 401K Capital Accumulation Plan for Employees of Participating AMR Corp. Subsidiaries*, 209 F.3d 780, 782 (5th Cir.2000) (emphasis in original) (footnote omitted).

██ As for success on the merits, "[t]here is no doubt that the Defendant achieved 'some degree of success on the merits' as this Court [dismissed all of] Plaintiff's claims." *DeBartolo v. Health & Welfare Dep't of the Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 09 CV 0039, 2011 WL 1131110, at *1 (N.D.Ill. Mar. 28, 2011) (dismissing plaintiff's claims at summary judgment based in part on lack of a valid assignment and granting attorney's fees); *see also Griffin v. Gen. Mills, Inc.*, 157 F.Supp.3d 1350, 1353 (N.D.Ga.2016). Sevatec thus obtained success on the merits.

██ Moving on to the five factors, an award of some amount of attorney's fees is proper in this case and is supported by at least four of the factors. (1) While Plaintiff views herself as pursuing the ends of justice, she has refused to acknowledge the

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981. To the extent Plaintiff might have argued that a heightened standard should be applied to a Defendant seeking fees against an ERISA plaintiff, the Former Fifth Circuit declined to apply the *Christianburg Garment* distinction between prevailing plaintiffs and defendants to claims for attorney's fees under ERISA. *Bowen*, 624 F.2d at 1266 n. 24 (5th Cir.1980) (discussing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

applicable law, reflecting a measure of legal bad faith that becomes more evident with every suit that is dismissed and decision that is affirmed on appeal. (2) With regard to Dr. Griffin's ability to satisfy an award of fees, the Court recognizes that she is gainfully employed and has spent upward of $20,000 in filing fees alone in this series of cases. That does not mean that her resources are unlimited, though. Indeed, Dr. Griffin represents that she required an installment plan in order to pay fees ordered in a prior case. Even so, the Court has no doubt that Plaintiff can satisfy an award of some amount of attorney's fees. Still, the Court must take into consideration the pendency of multiple other fee petitions against Dr. Griffin in connection with an assessment of her financial resources. (3) An award of attorney's fees against Plaintiff might deter Plaintiff and others from continuing to file identical claims where the claims are asserted against the wrong party or have no viable basis under existing ERISA precedent.[3] (4) The relative merits of the parties' positions are by now quite clear. The force of these last two factors is mitigated because, for the first time, Plaintiff filed an amended complaint after she obtained an assignment of rights and benefits that is broader than her previous assignments. The new assignment likely would have given her a cause of action under the statute to claim the statutory penalties she seeks. Except that, at the end of the day, the plan still contained an anti-assignment provision that she should have recognized to have barred her claims.

In addition, Defendant Sevatec gave Dr. Griffin multiple opportunities to voluntarily dismiss this case. Nine days after the Complaint was filed, Defense counsel sent Dr. Griffin a letter explaining why she lacked a cause of action in this case just as she did in her others. The plan documents were attached to that letter so Dr. Griffin could see for herself that the plan contained an anti-assignment provision. After Defendant filed its first motion to dismiss, it again sent Dr. Griffin a letter requesting her to drop her case. In both instances, Sevatec warned her that it would seek fees if she did not and it eventually prevailed. These attempts demonstrate Sevatec's good faith attempts to be forthright and frank—and to end this litigation as soon as possible without incurring fees.

After a thorough review of the record in this case and balancing all of the factors to be considered when awarding fees to the prevailing party, the Court finds that an award of some amount of fees pursuant to 29 U.S.C. § 1132(g)(1) is appropriate in this case.

## II. CALCULATION OF FEES

■■■ "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (citation omitted). Defendant argues it is entitled to $18,457.50 in attorney's fees for the services of R. Carl Cannon of Constangy, Brooks, Smith & Prophete, LLP. Defendant submitted a declaration of Mr. Cannon to evidence that the following factors went into calculating that amount:

1) Mr. Cannon, a partner and 40-year ERISA litigator, spent 34.5 hours on the case.

2) Mr. Cannon's current hourly rate for ERISA litigation is $601.00/hr, but

---

**3.** The Court notes, though, that Dr. Griffin says an award of fees will not deter her. On the other hand, she represented in Court on June 28, 2016 that she does not plan to file further cases in this Court.

his law firm agreed to accept a discounted rate of $535.00/hr for his services in this case.

(Declaration of R. Carl Cannon, Doc. 21-2.)

Mr. Cannon was counsel for Health Systems Management, Inc. in the prior *Griffin* case, *Griffin v. Health Sys. Mgmt., Inc.*, 157 F. Supp. 3d 1282 (N.D.Ga.2015), *aff'd*, 635 Fed.Appx. 768 (11th Cir.2015) (per curiam). This Court's decision dismissing that action based on the plan's anti-assignment provision was affirmed by the Eleventh Circuit over one month before this action was filed. Indeed, six *Griffin* cases were affirmed by the Eleventh Circuit prior to this case being filed. So there should not have been much work to do in arguing that this case should be dismissed.

Mr. Cannon pointed out at the hearing on June 28, 2016 that the vast majority of his work came in researching and responding to the Amended Complaint. In the Amended Complaint, Dr. Griffin added a new assignment, obtained during this pendency of this litigation, in which the patient assigned many more ERISA rights than were included in the original assignment. Mr. Cannon, a veteran ERISA litigator, informed the Court that he had never seen this situation before and felt he had a duty to his client to fully research the topic.

The Court recognizes an attorney's duty of diligence. Even a veteran attorney who got this case would need to ensure that it actually was a carbon-copy of the prior cases and could not risk failing to raise an argument in the district court that he might like to raise on appeal. Nonetheless, given the volume of *Griffin* cases that pose the same or substantially the same fact patterns and issues and the Court's and the Eleventh Circuit's other Orders on this particular set of issues—including cases in which Mr. Cannon was directly involved— the works demands here were more limited than they were in earlier *Griffin* cases. The Court also expects a realistic economy of effort to be achieved.

Taking all of this together, the Court cuts Mr. Cannon's time by two-thirds. The Court may have cut it further had Dr. Griffin not raised a somewhat novel issue in her Amended Complaint. The Court therefore finds an appropriate amount of time to spend on this litigation would have been 34.5 / 3 = 11.5 hours. At Mr. Cannon's "discounted" hourly rate of $535.00/ hr, which the Court finds reasonable given his significant experience and regular billing rate, 11.5 hours of his work comes to $6,152.50.

## III. CONCLUSION

Defendant Sevatec's Motion for Attorney's Fees [Doc. 21] is **GRANTED** and Plaintiff is **ORDERED** to pay directly to Defendant Sevatec, within 40 days, $6,152.50 in attorney's fees.

**IT IS SO ORDERED** this 1st day of July, 2016.