[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14761
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00080-AT

W.A. GRIFFIN, MD,

Plaintiff-Appellant,

versus

VERIZON COMMUNICATIONS INC.,
ANTHEM INSURANCE COMPANIES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 20, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dr. W. A. Griffin, proceeding pro se, appeals the dismissal of her claim of discrimination in the administration of health care benefits.  After careful consideration, we affirm.

I.

Griffin is a dermatologist, and in 2013 she treated two employees of Verizon Communications, Inc.  The employees assigned their rights under Verizon's healthcare plan to Griffin.  Griffin pursued ERISA claims on the patients' behalf and then sued Verizon in federal court for benefits under the health plan.  Verizon moved to dismiss because the health plan had an anti-assignment provision, meaning the assignment to Griffin was invalid.  The district court dismissed the case on that ground, and a panel of this Court affirmed.  See Griffin v. Verizon Commc'ns, Inc., 641 F. App'x 869, 871, 872–74 (11th Cir. 2016) (per curiam) (unpublished).

In 2016, Griffin brought this lawsuit against Verizon, alleging that Verizon selectively enforces the anti-assignment provision in its health plan against female and minority healthcare providers.  Her claim of discrimination was based on Griffin's search of docket filings in five federal cases.[1]  Griffin alleged that each of

---

[1] The cases were: (1) Cohen v. Anthem Insurance Co., No. 3:15-cv-03675-FLW-DEA (D.N.J.); (2) The Loft Chiropractic, P.C. v. Empire Healthchoice Assurance, Inc., No. 1:12-cv-07272-PKC (S.D.N.Y.); (3) Patient Care Associates LLC v. Verizon Communications, Inc., No. 2:12-cv-03750-CCC-JAD (D.N.J.); (4) Community Chiropractic of Country Club, PLLC v. Empire Healthchoice Assurance, Inc., No. 1:12-cv-05485-PKC (S.D.N.Y.); and (5) Neurological Surgery, P.C. v. Verizon Communications, Inc., No. 2:15-cv-04074-ADS-GRB (E.D.N.Y.).

these cases was brought by a Caucasian male healthcare provider suing Verizon for health benefits, and that despite the presence of an anti-assignment provision in all of Verizon's health plans, Verizon did not enforce the anti-assignment provision against these providers. This contrasted with how Verizon treated her, an African-American female healthcare provider. Griffin brought her claim under Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, which prohibits health plan providers who receive federal funds from discriminating based on sex or race.

Verizon moved to dismiss Griffin's complaint, noting that no court in this circuit has determined whether Section 1557 affords a private right of action. Verizon went on to argue that even if it did, its health plan does not receive the requisite federal funding for Section 1557 to apply. Griffin then amended her complaint. Verizon again moved to dismiss on the grounds that its health plan was not subject to Section 1557. Griffin responded that Verizon's health plan did receive federal funds, and she moved for leave to file a second amended complaint so she could add "additional exhibits that clarify precisely how 'parts' of the Verizon plan received federal financial assistance."

The district court allowed Griffin to file her second amended complaint. Griffin later filed a corrected version of the second amended complaint that added

3

Anthem Insurance Companies, Inc. as a defendant. Anthem is Verizon's claim agent for claims arising out of the health plan.

Verizon and Anthem moved to dismiss Griffin's second amended complaint. Verizon again argued that its health plan was not subject to Section 1557, but it also argued that the examples relied on by Griffin showed no discrimination. According to Verizon, because it raised "the issue of the anti-assignment provision or asserted a lack of standing as a defense" in the cases Griffin pointed to as evidence of its favor to Caucasian male providers, she failed to allege facts showing discrimination. Verizon attached docket reports and the underlying filings from those cases showing either that Verizon did assert a defense of anti-assignment, or that it asserted the plaintiff lacked standing.[2]

In response, Griffin pointed to language from Verizon's response to a motion to remand in one of the cases, where Verizon argued the alleged assignment was sufficient for the case to remain in federal court. She offered no arguments concerning the other four cases. However, she did add a sixth case purporting to demonstrate discrimination: Shuriz Hishmeh, M.D., PLLC v. Verizon Communications, Inc., No. 2:16-cv-06347-JMA-SIL (E.D.N.Y.). Griffin

---

[2] A defense based on standing gives credence to Verizon's argument because an anti-assignment provision would deprive the plaintiff of the statutory standing needed to claim benefits under a health plan. See Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1294 (11th Cir. 2004) (noting that "[h]ealthcare providers . . . [generally] lack independent standing to sue under ERISA," but "may acquire derivative standing . . . by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan").

noted only that <u>Hishmeh</u> involved "another male [] provider," but did not elaborate on how <u>Hishmeh</u> fit the pattern of alleged discrimination.

The district court granted the motions to dismiss. It explained that although no appellate court has yet explained the standard or burden of proof for a claim under Section 1557, any claim under that statute would necessarily involve an allegation of discrimination. The district court then took judicial notice of the public records submitted by Verizon and found that Verizon did assert defenses based on lack of standing or anti-assignment, which contradicted Griffin's claims of discrimination. The court therefore granted the motions to dismiss for failure to state a claim.

Griffin appealed.

## II.

"We review <u>de novo</u> the district court's grant of a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations" to show entitlement to relief, but must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–

5

65 (2007).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570, 127 S. Ct. at 1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).   "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

### III.

Griffin argues the district court erred by finding she failed to allege discrimination, and by failing to rule that Verizon's plan was subject to Section 1557.

As the district court noted, neither this Court, nor any other circuit court, has yet ruled on the standard necessary for bringing a claim under Section 1557. Section 1557 prohibits discrimination or the denial of benefits from "any health program or activity, any part of which is receiving Federal financial assistance," on the basis of race, color, national origin, sex, age, or disability.[3]  18 U.S.C.

---

[3] The statute does not expressly name these grounds of prohibited discrimination, but instead incorporates by reference the following anti-discrimination laws: (1) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (2) Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; (3) the Age Discrimination Act of 1975, 42 U.S.C. § 6101; and (4) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

§ 18116(a).  We agree with the district court that regardless of the ultimate standard adopted, a claim under Section 1557 must include, at a minimum, an element of discrimination.

Griffin alleged only one form of discrimination: that Verizon did not assert an anti-assignment defense when sued by Caucasian, male healthcare providers.  If these allegations are unfounded, then she has not plausibly alleged discrimination.[4] The district court analyzed this issue by looking to the documents Verizon attached to its motion to dismiss.

Ordinarily, at the motion to dismiss stage, "the court limits its consideration to the pleadings and exhibits attached thereto."  GSW, Inc. v. Long Cty., 999 F.2d 1508, 1510 (11th Cir. 1993).  However, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015).  Similarly, "a district court may consider judicially noticed documents."  Id.; see also Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").  Judicial notice of "an adjudicative fact" is appropriate when it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

---

[4] We assume for the purposes of this opinion, but do not decide, that an allegation of discriminatory enforcement of the anti-assignment provision during litigation qualifies as an allegation of discrimination under Section 1557.

7

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b)(2). Courts typically take judicial notice of record documents from other judicial proceedings. See, e.g., Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); Cash Inn of Dade, Inc. v. Metropolitan Dade Cty., 938 F.2d 1239, 1243 (11th Cir. 1991).

The documents submitted by Verizon are from the public dockets of federal judicial proceedings. That being the case, they are not subject to reasonable dispute, and the district court did not err by taking judicial notice of them. We will do the same.

The documents submitted by Verizon do not support Griffin's claim of discrimination in the enforcement of the anti-assignment provision. Beginning with Cohen[5]—the only cited case in which Verizon and Anthem were both parties—Griffin points to the fact that Verizon opposed a motion to remand the case to state court by arguing that an employee's "alleged assignment" of benefits meant that the case could originally have been brought in federal court. However, Verizon's response to remand does not concede that the assignment was valid. The case remained in federal court, and Verizon and Anthem asserted in a joint motion for summary judgment that the claims were barred by the anti-assignment

---

[5] Cohen v. Anthem Ins. Co, No. 3:15-cv-03675-FLW-DEA (D.N.J.).

provision.  Similarly, in Neurological Surgery,[6] Verizon's answer expressly asserted the plaintiff lacked standing because the plans had anti-assignment provisions.[7]

In Patient Care,[8] Verizon argued in its notice of removal that the complaint "alleges that the Plaintiff is the assignee" of a health plan beneficiary, and that was sufficient for the claim to be governed by ERISA.  However, Verizon never acceded to the validity of the assignment.  Verizon asserted in its answer that the plaintiff lacked standing and that the claims were barred by the terms of the health benefits plan.  This case was then voluntarily dismissed before any motions were filed.

In Loft Chiropractic[9] and Community Chiropractic,[10] Verizon asserted in its answer that the plaintiffs lacked standing.  While Verizon did not specify the basis for asserting the lack of standing, an assertion of a lack of standing is consistent with enforcement of the anti-assignment provision.  See Physicians Multispecialty,

---

[6] Neurological Surgery, P.C. v. Verizon Commc'ns, Inc., No. 2:15-cv-04074-ADS-GRB (E.D.N.Y.).

[7] While Griffin's case was before the district court, Neurological Surgery remained pending in the trial court in New York.

[8] Patient Care Assocs. LLC v. Verizon Commc'ns, Inc., No. 2:12-cv-03750-CCC-JAD (D.N.J.).

[9] The Loft Chiropractic, P.C. v. Empire Healthchoice Assurance, Inc., No. 1:12-cv-07272-PKC (S.D.N.Y.).

[10] Cmty. Chiropractic of Country Club, PLLC v. Empire Healthchoice Assurance, Inc., No. 1:12-cv-05485-PKC (S.D.N.Y.).

371 F.3d at 1293–95 (holding that anti-assignment provision deprived healthcare provider of statutory standing for ERISA claim).  We do not know whether Verizon would have followed through and argued based on the anti-assignment provision because both cases were voluntarily dismissed before any motions were filed.  Nevertheless, our review of these cases does not show that Verizon acted inconsistently with enforcing the anti-assignment provision.  Thus, these two cases also fail to demonstrate a discriminatory litigation strategy.

Finally, Griffin cited only to the complaint in the newly filed Hishmeh.[11] At the time Griffin raised Hishmeh for comparison, Verizon had not yet filed a responsive pleading.  Thus there was no credible allegation that it failed to enforce the anti-assignment provision.

In sum, half of the cases cited by Griffin show that Verizon did in fact assert a defense based on the anti-assignment provision, and in the others Verizon made arguments consistent with that defense at the early stages of the case.  Griffin responds by pointing to the filings in Cohen and Patient Care that addressed whether the case belonged in federal court.  However, those filings do not negate the fact that Verizon asserted defenses based on lack of standing and the anti-assignment provision.  Griffin offers no argument for the other cases beyond

---

[11] Shuriz Hishmeh, M.D., PLLC v. Verizon Commc'ns, Inc., No. 2:16-cv-06347-JMA-SIL (E.D.N.Y.).

10

conclusory statements that it "was a smooth, easy cruise through federal court" for those plaintiffs. But we need not credit allegations that are "vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).

Griffin amended her complaint twice, but alleged only one form of discrimination. Based on the record before the district court, Griffin failed to plausibly allege that form of discrimination, and therefore the court correctly dismissed her claims against Verizon and Anthem.[12]

**AFFIRMED.**

---

[12] Because Griffin failed to plausibly allege discrimination, we need not reach her argument that the district court erred by declining to find that Verizon's health plan was subject to Section 1557.

11