[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13429

Non-Argument Calendar

_____

W. A. GRIFFIN,

Plaintiff-Appellant,

*versus*

UNITED HEALTHCARE SERVICES, INC.,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04950-SEG

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

W.A. Griffin, proceeding pro se, appeals the district court's order dismissing her Employee Retirement Income Security Act claims against United Healthcare Services, Inc.  On appeal, she argues that the district court erred in concluding that she did not have the right to sue under ERISA for statutory damages.  After careful consideration, we affirm.

**I**

Griffin is a dermatologist who has filed many pro se suits in this Court.[1]  This particular case concerns her efforts to obtain documents from United Healthcare Services Inc. connected to her treatment of two patients.  Upon receiving services from Griffin, both patients signed documents that assigned their "rights and benefits" under their insurance plans to Griffin.  While seeking reimbursements for treating the patients from United, Griffin alleges that she requested documentation from United but that it failed to provide the information.[2]  Thereafter, Griffin filed suit alleging

---

[1] *See, e.g.*, *Griffin v. Coca-Cola Refreshments U.S., Inc.*, 989 F.3d 923, 927 (11th Cir. 2021) ("Our other opinions have been unpublished; we choose to publish today in hopes of resolving this recurring litigation.").

[2] We express no view on whether Griffin adequately pleaded that United, which is the claims administrator for the insurance plans at issue, is a "plan administrator" under ERISA because resolving that question is unnecessary to decide this appeal.

that United's failure to supply this documentation violated statutory requirements of ERISA and that she was entitled to statutory damages.

The district court dismissed Griffin's complaint because it concluded that the assignment of rights signed by Griffin's patients did not confer an independent right for Griffin to pursue ERISA statutory penalties on their behalf. This is Griffin's appeal.

## II

We review de novo a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, a pro se litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

As relevant here, ERISA requires plan administrators to furnish a plan "participant" or "beneficiary" with certain information elsewhere specified in the statute. 29 U.S.C. § 1132(c)(1). If the plan administrator refuses to provide such information or fails to do so in 30 days, a court may impose a penalty in "the amount of up to $100 a day from the date of such failure or refusal."[3] *Id.* "[T]o

---

[3] The penalty was increased to $110 per day via regulation for claims filed after July 29, 1997. 29 C.F.R. § 2575.502c-1.

maintain an action under ERISA, a plaintiff must have standing to sue under the statute." *Griffin,* 989 F.3d at 931.[4]

Although healthcare providers like Griffin generally are not "participants" or "beneficiaries" under ERISA, we have stated that a healthcare provider "may obtain derivative standing for payment of medical benefits through a written assignment from a plan participant or beneficiary." *Id.* at 932. When scrutinizing such assignments, we have emphasized that the transfer of the general right to recover benefits provided by an ERISA plan does not necessarily transfer the right to pursue non-payment claims, including statutory penalties. *Id.*[5] Thus, to assess whether one has transferred the right to assert claims for statutory penalties under ERISA, we must "first determine the scope of the patients' assignments to [the healthcare provider]" and "whether they purport to give her the right to bring . . . non-payment (breach of fiduciary duties and statutory penalties) claims." *Id.* In the absence of more specific language, a patient does not transfer the right to assert ERISA claims for statutory penalties when she executes a written assignment

---

[4] Notably, in this context, standing "is not jurisdictional, Article III standing, but rather the right to make a claim under the statute." *Griffin*, 989 F.3d at 931 n.4.

[5] Here, again, "we need not decide whether the assignment of nonpayment claims provides derivative standing." *Griffin*, 989 F.3d at 932 n.5. Even if we assume such standing exists, the assignments at issue here do not specifically confer the right to pursue statutory penalties under ERISA from Griffin's patients to her.

stating "[t]his is a direct legal assignment of my rights and benefits under the policy." *Id.* at 932–33.

III

The principles we articulated in *Griffin* show why the district court did not err in dismissing Griffin's suit. *Griffin*, 989 F.3d at 932–33. The assignments signed by Griffin's patients contain general language about the conferral of "rights and benefits." In the absence of an assignment with more specific language, courts—including this one—have repeatedly held that Griffin lacks statutory standing to bring ERISA claims for statutory penalties on behalf of her patients. *See Griffin v. Verizon Commc'ns, Inc.*, 641 F. App'x 869, 872 n.4 (11th Cir. 2016); *Griffin*, 989 F.3d at 1237 n.1. Accordingly, we affirm the district court.

**AFFIRMED.**