[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13411
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00389-AT


W. A. GRIFFIN,

                                             Plaintiff-Appellant,

versus

COCA-COLA ENTERPRISES, INC.,

                                             Defendant-Appellee.

.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

W.A. Griffin, M.D., proceeding *pro se,* appeals the district court's dismissal, for failure to state a claim, of her *pro se* amended complaint brought against Coca-Cola Enterprises ("CCE"), seeking payment of benefits and penalties under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). The complaint alleged that Blue Cross Blue Shield HealthCare Plan of Georgia ("BCBS"), the claims agent for a CCE-sponsored health benefit plan ("the plan"), failed to pay the full amounts owed to Griffin for providing medical services to member A.H. Griffin argues that the district court erred by concluding that she failed to demonstrate statutory standing to file an ERISA claim based upon an unambiguous anti-assignment provision in the plan because CCE waived its right to rely upon the provision and the provision is preempted by Georgia law, O.C.G.A. § 33-24-52. After careful consideration, we affirm.[1]

A grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is reviewed *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Behrens v. Regier,* 422

---

[1] Griffin's motion to certify a question to the Supreme Court (construed from a "motion to have this case assisted by the Supreme Court") is also before us. We deny her motion. Griffin does not state whether she requests assistance from the United States Supreme Court or the Supreme Court of Georgia, and she does not identify what legal question she wishes the court to answer. If she is requesting we certify a question to the United States Supreme Court, she does not identify any issue of national importance warranting such extraordinary relief. *See* U.S. Sup. Ct. R. 19. If she is requesting we certify a question to the Supreme Court of Georgia, she does not identify any potentially dispositive issue of state law that is not governed by clear authority. *See* O.C.G.A. § 15-2-9; *Polston v. Boomershine Pontiac-GMC Truck, Inc.,* 952 F.2d 1304, 1306 (11th Cir. 1992).

F.3d 1255, 1259 (11th Cir. 2005).  In reviewing a motion to dismiss, this Court must determine whether the pleadings contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

To maintain an action under ERISA, a plaintiff must have standing to sue under the statute, which is not jurisdictional, Article III standing, but a right to make a claim under the statute.  *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1293-94 (11th Cir. 2004).  Two categories of persons may sue for benefits under an ERISA plan: plan beneficiaries and plan participants.  *Id.* at 1294 (citing 29 U.S.C. § 1132(a)(1)(B)).  Healthcare providers are typically not "participants" or "beneficiaries," so they lack independent standing, but they may obtain derivative standing through a written assignment from a beneficiary or participant.  *Id.*

Nevertheless, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable, and will operate to void the assignment.  *Id.* at 1296.  If there is such an unambiguous anti-assignment provision, the healthcare provider will lack derivative standing and cannot maintain the ERISA action.  *Id.*  Further, ERISA expressly preempts state laws that relate to employee benefit plans, and self-insured plans generally are deemed to not

be insurers for purposes of state insurance laws. *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1330-34 (11th Cir. 2014).

Estoppel is an equitable doctrine that prevents a party from raising a claim or taking a legal position when its conduct with regard to that claim was contrary to his position. *In re Garfinkle*, 672 F.2d 1340, 1346-47 (11th Cir. 1982). The related concept of waiver is the intentional relinquishment of a known right, and requires (1) the existence of a right that may be waived, (2) the actual or constructive knowledge thereof, and (3) an intention to relinquish such right. *Id.* at 1347. Waiver may be express or implied, but if implied, the conduct or circumstances relied upon must make out a clear case for waiver. *Id.* We have left open the question of whether waiver principles might apply under the federal common law in the ERISA context. *Witt v. Metro Life Ins., Co.,* 772 F.3d 1269, 1279 (11th Cir. 2014).

Under O.C.G.A § 33-24-54, whenever a self-insured health benefit plan provides that any of its benefits are payable to a participating licensed provider of health care services, such benefits must be paid either directly to any similarly licensed nonparticipating provider who has rendered such services, has a written assignment of benefits, and has caused written notice of such assignment to be given to the person licensed under this title or jointly to such nonparticipating provider and to the insured. O.C.G.A. § 33-24-54(a).

4

The district court did not err by dismissing Griffin's claims for lack of standing under ERISA.  The plan unambiguously stated that "Members cannot legally transfer the coverage.  Benefits under [the plan] are not assignable by any member without obtaining written permission" from BCBS.  *See Physicians Multispecialty Grp.*, 371 F.3d at 1296 (recognizing that an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable).  Griffin never alleged that she obtained prior written permission from BCBS for either of the assignments of benefits she received from A.H., and, as such, failed to allege facts sufficient to establish her standing to pursue ERISA claims.  *See Iqbal,* 556 U.S. at 678.

In addition, nothing in O.C.G.A. § 33-24-54 explicitly prohibits a health benefits plan from barring assignment; thus, the Georgia statute does not render anti-assignment provisions unenforceable.  Finally, even assuming waiver could apply, Griffin alleged only a single one-way interaction with CCE before filing suit: she mailed a request for a summary plan description to an address she found on Google.  Griffin pled no facts setting forth a clear case of implied waiver, nor does she allege any facts that show that CCE expressly waived the anti-assignment clause such that estoppel applies.  *See In re Garfinkle*, 672 F.2d at 1347.  Accordingly, we affirm the district court's decision.

AFFIRMED.