NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021[*]
Decided December 23, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-2332

| | |
|---|---|
| W.A. GRIFFIN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 4:18-CV-7-PPS |
| SEVEN CORNERS, INC., *Defendant-Appellee*. | Philip P. Simon, *Judge*. |

**O R D E R**

W.A. Griffin, a dermatologist, maintains that one of her patients—in exchange for medical services—assigned certain rights and benefits arising under the Employment Retirement Income Security Act (ERISA) to her. When Griffin was unable to obtain all the documentation she sought relating to her services rendered, she sued

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the plan administrator for statutory penalties under the act. The district court concluded that Griffin had not obtained a valid assignment of rights, and entered summary judgment against her. We affirm.

Griffin's patient was an international au pair who was insured under a medical insurance policy issued by Lloyd's of London. The policy was issued in name to Intrax Inc., a cultural exchange program for international au pairs that was regulated by the U.S. Department of State. The policy's administrator was the defendant, Seven Corners, Inc., a travel insurance company.

Griffin says that she performed medical services for the au pair but never got paid. In exchange for the services, she says, she had the au pair assign certain rights and benefits to her under the terms of her insurance policy. Griffin calls this a "direct assignment"—one that allows her to "stand in [the au pair's] shoes and pursue claims for benefits, statutory penalties, … [and] any ERISA claim matter."

By the insurance plan's own terms, however, its benefits and rights could not be assigned without the written consent of the "Correspondent," which in this case was Seven Corners. Griffin did not obtain Seven Corners's consent.

After treating the au pair, Griffin filed with Seven Corners an insurance claim to receive payment. Griffin says that Seven Corners did not pay the amount owed— services worth $52,000.

Griffin sued Seven Corners for the ERISA benefits that, she says, were owed to her for the medical services she performed. *See* 29 U.S.C. § 1132(a)(1)(B). After the close of discovery, Griffin filed a second suit against Seven Corners, this time seeking statutory penalties for its purported failure to supply certain plan documents during the prior suit. *See id.* § 1132(c)(1). The district court consolidated the cases and, soon after, the parties settled the medical-payment claim.

As for Griffin's claim for statutory penalties, the district court ultimately entered summary judgment for Seven Corners. Even assuming that the policy was governed by ERISA, the court concluded that Griffin lacked standing to collect the penalties because there had not been any valid assignment of her patient's rights. In the court's view, statutory penalties could be recovered only by the plan's participants or beneficiaries (or their valid assignees), and Griffin had not obtained Seven Corners's consent to such an assignment. The court observed that this was not Griffin's "first rodeo": she was a

"rather prolific ERISA litigant" who already had lost several cases on the same grounds—lack of standing to sue for civil remedies under ERISA because she did not have a valid assignment. *See, e.g., Griffin v. Blue Cross & Blue Shield of Alabama*, 157 F. Supp. 3d 1328, 1334–36 (N.D. Ga. 2015); *Griffin v. Coca-Cola Enterprises, Inc.*, 686 F. App'x 820, 821–22 (11th Cir. 2017); *Griffin v. Verizon Communications, Inc.*, 641 F. App'x 869, 872–73 (11th Cir. 2016); *Griffin v. Comm. of UAW Retiree Med. Benefits Trust*, No. 16-12002, 2016 WL 6777854, at *2–*3 (E.D. Mich. Nov. 16, 2016).

On appeal, Griffin challenges the district court's conclusion that she was not a valid assignee. She reiterates that she has standing to sue because she received an assignment of rights from the au pair under an ERISA-governed insurance policy, and she did not need "a permission slip" from Seven Corners to make this assignment valid.

As a preliminary matter, we pause to clarify that the issue here is one not of standing but statutory coverage. *See Lexmark Intern, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 & n.4 (2014). Our concern is whether Griffin is one of the plan's participants or beneficiaries as ERISA uses those terms. *See Pennsylvania Chiropractic Ass'n v. Independence Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015).

We agree with the district court that Griffin is not such a participant or beneficiary. ERISA instructs courts to enforce the terms of an ERISA plan strictly. *See* § 1132(a)(1)(B). Therefore, even if a medical provider has been designated as an assignee to receive rights and benefits, *see, e.g., Griffin v. Teamcare*, 909 F.3d 842, 846–47 (7th Cir. 2018), she may not collect statutory penalties unless the assignment is valid under the terms of the ERISA plan. *See Pennsylvania Chiropractic Ass'n*, 802 F.3d at 928 (plaintiffs cannot sue under ERISA in part because they did "not rely on a valid assignment from any patient"); *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.3d 698, 700 (7th Cir. 1991) (noting that "an assignee cannot collect unless he establishes that the assignment comports with the plan"). Every circuit to decide the issue agrees. *See Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 933 (11th Cir. 2021); *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018) (collecting cases). The insurance plan here states unambiguously that its benefits and rights may not be assigned without written consent from Seven Corners. Because Griffin did not obtain that consent, she is not a valid assignee or beneficiary under the plan's terms, she may not collect the statutory penalty, and summary judgment was appropriately entered for Seven Corners on that claim.

AFFIRMED